**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**THOMAS LOUIS PHILLIPS**                          **CIVIL ACTION**

**VERSUS**                                                      **NO.  12-2711**
                                                                   **c/w 12-2712**


**BURL CAIN, WARDEN**                              **SECTION "A"(2)**
**LA. STATE PENITENTIARY**



**REPORT AND RECOMMENDATION**

These consolidated cases were referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  For the following reasons, I recommend that the consolidated petitions for habeas corpus relief be **SEVERED** for purposes of entry of judgment; that the petition in Civil Action No. 12-2711 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state required remedies; and that the petition in Civil Action No. 12-2712 be dismissed without prejudice as duplicative of No. 12-2711 and for failure to pay the filing fee.

---

[1]C. A. No. 12-2711, Rec. Doc. No. 16.

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Thomas Louis Phillips, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  Almost 40 years ago, on October 17, 1974, Phillips was indicted by a grand jury in Orleans Parish for the aggravated kidnapping of Gary N. Solomon.[3]  The Louisiana Supreme Court on direct appeal summarized the facts of the case as determined at trial as follows:[4]

> On the morning of October 8, 1974, Gary [N.] Solomon was driving his car to school in the City of New Orleans.  As he proceeded he observed a blue flashing light on a vehicle behind him.  Thinking the police were trying to stop him, Solomon pulled over to the side of the street.  The defendant, Thomas Louis Phillips, driver of the following car, pretending to be a police officer, got out of the following car and demanded Solomon's license and registration papers.  Defendant then searched Solomon's car, handcuffed him and put him in defendant's car.
> With Solomon handcuffed in the car, Phillips drove around for some time.  After a while he brought Solomon to a hotel room.  Subsequently a $250,000 ransom demand was made on Solomon's father.  The next day Phillips instructed the victim's father to go to a pay phone at a designated drugstore, where Phillips, with the victim in custody, called him from a gas station pay phone.  As Phillips was finishing the call, he was captured by F.B.I. agents, and the victim was freed.

State v. Phillips, 343 So.2d 1047, 1049-50 (La. 1977); State Record Volume 2 of 5, Louisiana Supreme Court Opinion, No. 58429, page 1, March 7, 1977.

---

[2]C. A. No. 12-2711, Rec. Doc. No. 1; C. A. No. 12-2712, Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 5, Indictment, 10/17/74.

[4]At the time, direct criminal appeals for capital offenses were made directly to the Louisiana Supreme Court.  La. Const. art. 5§2 (1974). The Louisiana Constitution was amended by La. Acts 1980, No. 843, §1 (eff. July 1, 1982) to grant the Louisiana Courts of Appeal with criminal jurisdiction.

After pleading not guilty and not guilty by reason of insanity, Phillips was tried before a jury on January 15 and 16, 1976, and was found guilty as charged.[5]  On January 21, 1976, the state trial court sentenced Phillips to serve life in prison.[6]

Phillips's conviction and sentence were affirmed on direct appeal by the Louisiana Supreme Court on March 7, 1977.[7]  Phillips's conviction became final 90 days later, on Monday, June 6, 1977,[8] when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

---

[5]St. Rec. 4 of 5, Plea Minutes, 1/13/76; Trial Minutes, 1/15/76; Trial Minutes, 1/16/76; St. Rec. Vol. 2 of 5, Jury Verdict, 1/16/76.

[6]St. Rec. Vol. 1 of 5, Sentencing Minutes, 1/21/76.

[7]State v. Phillips, 343 So.2d at 1047; St. Rec. Vol. 2 of 5, La. S. Ct. Opinion, No. 58429, 3/7/77. Phillips was also convicted after jury trial in this federal district court on related charges of making an interstate ransom demand for which he received a twenty-year sentence. See United States v. Phillips, 519 F.2d 48 (5th Cir. 1975), cert. denied, 423 U.S. 1059 (1976).

[8]The ninetieth day was Sunday, June 5, 1977, causing the finality date to fall to the next business day. Fed. R. Civ. P. 6. Fed. R. Civ. P. 6(a)(1)(C) (weekends are not included in the calculation of period when it would be the last day of the period); La. Code Crim. P. art. 13 (weekends are not included in the calculation of period when it would be the last day of the period).

3

Between February 26, 1987 and March 26, 2010,[9] Phillips was unsuccessful in his pursuit of post-conviction relief in the state courts, where he asserted substantive numerous challenges to his conviction, including unfair trial, prosecutorial misconduct, double jeopardy and ineffective assistance of counsel, among other things.[10]

---

[9]The State suggests that Phillips may have filed other post-conviction applications between 1979 and 1983 based on a handwritten notation by an unknown person on one of the later filings with the Louisiana Supreme Court. The entry does not reflect why those case numbers were inscribed or by whom. I have not been able to determine from the records or electronic research whether Phillips had any properly filed state applications for post-conviction or other collateral review before 1987.

[10]The state court records provided by the State contain the following post-conviction proceedings: (1) St. Rec. Vol. 1 of 5: Motion to Dismiss, 10/9/87; Trial Court Order (motion granted), 10/19/87. (2) St. Rec. Vol. 3 of 5: Application for Post-Conviction Relief, 3/4/87 (dated 2/26/87); Trial Court Order (denied as meritless), 3/30/87; Application for Post-Conviction Relief, 1/13/88 (dated 1/6/88); Trial Court Order (denied as meritless), 3/10/88; Application for Post-Conviction Relief, 10/11/88 (dated 9/5/88); Trial Court Order (denied as meritless), 3/9/89; Trial Court Order (denied as moot), 8/24/89; Application for Post-Conviction Relief, 11/8/89 (dated 11/6/89); Trial Court Order (denied as repetitive La. Code Crim. P. art. 930.4(D)), 12/6/89; Application for Post-Conviction Relief, 10/1/91; Application for Post-Conviction Relief, 4/2/92; Trial Court Judgment (denied for lack of contemporaneous objection), 6/18/93; Trial Court Order, 7/21/04. (3) St. Rec. Vol. 4 of 5: La. S. Ct. Writ Application, 87-KH-0955, 4/29/87; La. S. Ct. Order (dismissed without prejudice), 87-KH-0955, 1/29/88; La. S. Ct. Writ Application (mandamus), 88-KH-0554, 3/8/88; La. S. Ct. Order, 88-KH-0554 (transferred for ruling), 3/18/88; La. S. Ct. Writ Application (mandamus), 89-KH-0540, 3/8/89; La. S. Ct. Order, 89-KH-0540 (transferred for ruling), 3/16/89; La. S. Ct. Writ Application, 89-KH-2632, 11/13/89 (dated 11/6/89); La. S. Ct. Order, 89-KH-2632 (denied), 1/4/89; Hearing Transcript (see trial court judgment, 6/18/93), 6/18/93; La. S. Ct. Writ Application (filed by counsel), 93-KP-2239, 8/13/93; La. S. Ct. Order, 93-KP-2239 (denied), 11/19/93. (4) St. Rec. Vol. 5 of 5: La. S. Ct. Writ Application, 02-KH-2803, 11/19/02 (dated 9/3/02); La. S. Ct. Order, 2002-KH-2803 (transferred for ruling), 9/5/03; La. S. Ct. Writ Application, 03-KH-3478, 12/18/03 (dated 10/15/03); La. S. Ct. Order, 2003-KH-3478 (transferred for ruling), 7/2/04; Motion to Vacate and Correct Sentence (based on lack of jurisdiction), dated 4/17/06; La. S. Ct. Writ Application (mandamus), 06-KH-2255, 9/12/06 (dated 8/22/06); La. S. Ct. Order, 2006-KH-2255 (transferred for ruling), 12/15/06; La. S. Ct. Writ Application (mandamus), 08-KH-1055, 5/16/08 (dated 4/29/08); La. S. Ct. Order, 2008-KH-1055 (transferred for ruling), 6/27/08; La. S. Ct. Writ Application (mandamus), 08-KH-2945, 12/17/08 (dated 11/17/08); La. S. Ct. Order, 2008-KH-2945 (transferred for ruling), 1/9/09; Motion to Enforce, 08-KH-2945, 4/23/09; Minute Entry, 5/13/09; Response to Request, 08-KH-2945, 5/13/09; Trial Court Order, 5/30/08; La. S. Ct. Order, 08-KH-2945 (denied as moot), 6/2/09; Hearing Transcript (on motion to correct), 3/23/07; La. S. Ct. Writ Application, 09-KH-1240, 6/5/09 (dated 5/22/09); La. S. Ct. Order, 2009-KH-1240 (denied untimely and repetitive, La. Code Crim. P. arts. 930.8 and 930.4(D), State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995) and

II.    JURISDICTION UNDER 28 U.S.C. § 2241

A.    VENUE AND JURISDICTION

A petition for writ of habeas corpus which "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration" is properly considered under the general habeas authority of 28 U.S.C. § 2241.  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); Frees v. Maye, 441 F. App'x 285, 286 (5th Cir. 2011); Stewart v. Cain, 71 F.3d 879, 1995 WL 727244, at *1 (5th Cir. 1995) (Table, Text in Westlaw); see also, Lee v. Wetzel, 244 F.3d 370, 373 n.3 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  Under Section 2241(d), a convicted state prisoner, like Phillips, who is in custody under the judgment of a state court in a state like Louisiana with multiple federal districts may file a federal habeas corpus petition either in the district where he is confined or where he was convicted.  Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000).

In Section 2241(d) cases, federal courts have ordinarily held that the most appropriate venue for challenges to the execution or implementation of the sentence is the district court for the district where the petitioner is in custody, and challenges to the legality of the conviction or sentence are better heard in the district court for the district where the state conviction and sentencing occurred.  Story v. Collins, 920 F.2d 1247,

_____

State v. Parker, 711 So.2d 694 (La. 1998)), 3/26/10.

1250-51 (5th Cir. 1991); see Pack, 218 F.3d at 451 (a Section 2241 petition challenging

the execution of a sentence "must be filed in the same district where the prisoner is

incarcerated."); Frees, 441 F. App'x at 286 (same).  The Fifth Circuit has explained the

basis for the choice of venue as one of convenience:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus
> petitions in the district where they are confined or where they were
> convicted.  The purpose of this, of course, is to provide a more convenient
> forum for witnesses. ... Section 2241(d) militates in favor of filing the
> applicant's petition in ... the division where the witnesses are located, rather
> than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

While Phillips was convicted within this district in 1976, he properly filed his

Section 2241 petitions challenging the execution of his sentence in the Middle District,

where he is in custody.  As noted above, on November 2, 2012, although recognizing

Phillips's Section 2241 petitions as challenges to the execution of his sentence, a

magistrate judge in the Middle District transferred the cases by form order to this court

stating, "[t]he Court believes that it is in the interest of justice to transfer the case to the

Eastern District of Louisiana where the petitioner was tried, convicted and sentenced for

the offense charged and where any potential evidence and witnesses will more likely be

easily located and produced."[11]

---

[11]C. A. No. 12-2711, Rec. Doc. No. 6; C. A. No. 12-2712, Rec. Doc. No. 4.

Although Phillips challenges the manner in which his current custodian at the Louisiana State Penitentiary and the Louisiana Department of Corrections ("DOC"), both of which are within the boundaries of the Middle District, are construing and applying Louisiana law to execute or calculate his sentence and parole eligibility, this court is one of the possible appropriate venues recognized under Section 2241(d). Thus, it appears that this court has jurisdiction to consider Phillips's Section 2241 petitions.  Accord Carmona v. Andrews, 357 F.3d 535 (5th Cir. 2004) (addressing venue for a Section 2254 petition challenging parole revocation by the Louisiana Board of Parole).

B.    SUCCESSIVENESS AND JURISDICTION

In addressing jurisdiction, I recognize that Phillips has previously filed three petitions in this court under 28 U.S.C. § 2254 challenging the constitutionality of his conviction.  Phillips filed his first Section 2254 petition in 1979, Phillips v. Day, C. A. No. 79-3755"A"(2).   In that petition, he alleged that he was denied his rights to compulsory process, effective assistance of counsel, and a speedy trial; that the prosecution failed to disclose favorable evidence; and that his state conviction placed him in double jeopardy for the related federal crime for which he was already serving a sentence.  By judgment entered October 18, 1979, the petition was dismissed without prejudice for failure to exhaust state court remedies.

7

In his second federal petition under Section 2254, <u>Phillips v. State of Louisiana</u>, C. A. No. 91-1506 "A"(2), Phillips argued that the state trial court erred in denying bail for his non-capital offense; he was compelled to stand trial in prison clothing; his counsel provided ineffective assistance; he was not allowed to represent himself at trial; he was denied a fair trial and the right to cross-examine witnesses when the State failed to produce pretrial statements made by the witnesses; the transcript of the pretrial hearing denying the defense's request for subpoenas was introduced into evidence at trial; the state trial court erred in failing to allow him to subpoena certain witnesses; and the state trial court erred in failing to sequester the jury.  The petition was denied and dismissed <u>with</u> <u>prejudice</u> as meritless by judgment entered August 22, 1991.  The United States Fifth Circuit affirmed the ruling on appeal.

Phillips presented a third Section 2254 petition to this court, <u>Phillips v. State of Louisiana</u>, C. A. No. 10-1880"A"(2), alleging that the state trial court lacked jurisdiction because of an illegal and invalid grand jury indictment and that he was deprived of important records upon which his conviction was based. The court transferred the petition on July 22, 2010, to the United States Fifth Circuit for authorization for Phillips to file the second or successive petition as provided in 28 U.S.C. § 2244(b)(3)(A).  The court denied authorization by order issued October 6, 2010.

As addressed in Phillips's last Section 2254 case, pursuant to 28 U.S.C. § 2244(a), a district court lacks jurisdiction to consider a second or successive application or petition, unless the circuit court of appeals first grants the petitioner authorization to file the petition.  See 28 U.S.C. §2244(b)(3)(A); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).  In considering the successiveness of Section 2241 petitions, the Fifth Circuit has made the following observations:

> The specific limitations on filing successive 28 U.S.C. § 2255 motions and 28 U.S.C. § 2254 habeas petitions that were enacted as 28 U.S.C. § 2244(b) under the AEDPA do not literally apply to 28 U.S.C. § 2241 habeas petitions.  See Zayas v. INS, 311 F.3d 247, 256-57 (3d Cir. 2002).  However, this court has held that the version of 28 U.S.C. § 2244(a) that was in effect prior to enactment of the AEDPA bars successive 28 U.S.C. § 2241 petitions that are based on the same claim. See United States v. Tubwell, 37 F.3d 175, 177-78 (5th Cir. 1994).  Accordingly, the present version of 28 U.S.C. § 2244(a), which is very similar, applies to [§2241] case[s].

Ortloff v. Fleming, 88 F. App'x 715, 716 (5th Cir. 2004) (emphasis added); accord Davidson v. United States Dep't of Justice, 239 F.3d 366, 2000 WL 1741633, at *1 (5th Cir. 2000) (Table, Text in Westlaw); see Williams v. Tamez, 466 F. App'x 326, 327 (5th Cir. 2012) (affirming dismissal of successive Section 2241 petition as abuse of the writ, citing current 28 U.S.C. § 2244(a)); Jennings v. Menifee, 214 F. App'x 406, 407 (5th Cir. 2007) (same).

In this case, Phillips has not raised the instant claims in a prior federal habeas petition.  In fact, he had not previously filed a Section 2241 petition before his

submission of the two current petitions to the Middle District.   Under the standards recognized above, this would not be an abuse of the writ, or  second or successive filing under Section 2244, that would require Phillips to first seek authorization from the Fifth Circuit. Thus, this court has jurisdiction to consider Phillips's Section 2241 petitions, despite his prior filings under Section 2254.

III.   CURRENT FEDERAL HABEAS PETITIONS

The record reflects that on September 19, 2012, Phillips submitted a pleading entitled "Writ of Habus Corpus" to the United States District Court for the Middle District of Louisiana.  The pleading was filed by the clerk of the Middle District as a petition for habeas corpus relief under 28 U.S.C. § 2241 and assigned a civil action number.  Phillips was directed to resubmit the petition on that court's approved Section 2241 form and submit the filing fee or a pauper application.[12]  According to that court's order, Phillips timely submitted the corrected form petition, which was filed under a different civil action number.[13]  The Middle District thereafter consolidated the cases on October 30, 2012.[14]

Construed broadly, the two Section 2241 federal habeas petitions filed by the clerk of the Middle District on September 19 and October 22, 2012 respectively, assert the

---

[12]C. A. No. 12-2711, Rec. Doc. Nos. 2, 4.

[13]C. A. No. 12-2711, Rec. Doc. No. 4; C. A. No. 12-2712, Rec. Doc. No. 3.

[14]C. A. No. 12-2711, Rec. Doc. No. 4; C. A. No. 12-2712, Rec. Doc. No. 3.

same claims: that the DOC and officials at the Louisiana State Penitentiary have unconstitutionally and ex post facto enforced changes in Louisiana's sentencing laws to prevent him from maintaining the same parole eligibility he had when he was sentenced in 1976 (hereinafter referred to as "ex post facto claim").  Phillips references state legislative revisions made to La. Rev. Stat. § 15:571.7 which ultimately dispensed with Louisiana's "10/6 rule" allowing an inmate serving a life sentence to apply for parole after serving ten years and six months of his sentence.[15]

On November 2, 2012, the two consolidated petitions were transferred to this district.[16]  In response to an order of the district judge, the State filed a response in opposition to Phillips's consolidated petitions, as if filed under 28 U.S.C. § 2254, though no explanation was given for this erroneous designation.[17]  The State noted Phillips's failure to assert these claims in any state court and argued that, as Section 2254 petitions, should be dismissed as untimely filed under 28 U.S.C. § 2244(d).

The State's misinterpretation of these cases as having been brought under Section 2254 and its timeliness calculation are erroneous and must be rejected.  First, as discussed above, the controlling precedent in this circuit indicates that Phillips's challenge to the execution and implementation of his sentence is appropriately brought

---

[15]See, e.g., Smith v. Blackburn, 785 F.2d 545, 546-47 (5th Cir. 1986).

[16]C. A. No. 12-2711, Rec. Doc. No. 6; C. A. No. 12-2712, Rec. Doc. No. 4.

[17]C. A. No. 12-2711, Rec. Doc. Nos. 11, 23.

under Section 2241.  Frees, 441 F. App'x at 286; Stewart, 1995 WL 727244, at *1; Gibbs

v. Cain, No. 12-3004, 2013 WL 3490909, at *1 (E.D. La. Jul. 10, 2013) (Lemelle, J.).

I decline to re-categorize the petitions as being brought under Section 2254.

  In addition, the AEDPA's one-year statute of limitations period has not been

extended to Section 2241 petitions.  United States v. Pipkins, No. 07CR0163, 2012 WL

1019118, at * 1 (E.D. La. Mar. 26, 2012) (Duval, J.) ("However, unlike § 2554 habeas

petitions, which are governed by the [AEDPA], § 2241 petitions have no statute of

limitations."); Hartfield v. Quarterman, 603 F. Supp.2d 943, 948 (S.D. Tx. 2009);

Williams v. Louisiana's A.G.'s Office, No. 07-603, 2007 WL 2915078, at *3 (E.D. La.

Oct. 4, 2007) (Order adopting report and recommendation).  The AEDPA did not amend

Section 2241 to include a limitations period for filing a petition under that section.

Homayun v. Cravener, 39 F. Supp.2d 837 (S.D. Tx. 1999) (citing Sandoval v. Reno, 166

F.3d 225, 234 (3d Cir. 1999) and Goncalves v. Reno, 144 F.3d 110, 120 (1st Cir. 1998),

cert. denied, 526 U.S. 1004 (1999)).

> The Fifth Circuit cases addressing limitations involve habeas petitions filed
> under either 28 U.S.C. § 2254 or § 2255, not petitions for relief under §
> 2241. It appears, therefore, that petitioners relying on § 2241 are not
> subject to the one-year limitations period set forth in other provisions of the
> AEDPA.

Homayun, 39 F. Supp.2d at 841.

In the absence of controlling authority from the Fifth Circuit clearly indicating that the one-year AEDPA statute of limitations applies to Section 2241 petitions, I will not consider it.  For the foregoing reasons, the State's limitations defense is rejected.

IV.   SEVERANCE OF THE CASES

Before addressing the substance of Phillips's federal petitions, I must attempt to clarify the status of his cases.  As noted above, Phillips's consolidated petitions were transferred to this court and each was assigned a separate civil action number by the clerk of court.[18]  After receipt of the necessary pauper information from Phillips, the pending pauper applications were referred to me as non-dispositive pretrial matters.[19]  On November 30, 2012, I issued an order denying the requests because Phillips had sufficient funds to pay the fee in each case.[20]  The cases were each closed by the clerk of court on November 30, 2012.

On December 12, 2012, the clerk received and processed the $5.00 filing fee for C. A. No. 12-2711.  Phillips did not submit the $5.00 filing fee necessary to open C. A. No. 12-2712, and the case remained closed.  Nevertheless, the district judge ordered the

---

[18]C. A. No. 12-2711, Rec. Doc. No. 6; C. A. No. 12-2712, Rec. Doc. No. 4.

[19]C. A. No. 12-2711, Rec. Doc. Nos. 8, 9; C. A. No. 12-2712, Rec. Doc. No. 2.

[20]C. A. No. 12-2711, Rec. Doc. No. 10; C. A. No. 12-2712, Rec. Doc. No. 6.

State on January 2, 2013, to respond to the consolidated petitions, and the consolidated cases were later referred to me on February 5, 2013 for further proceedings.[21]

I suppose that technically C. A. No. 12-2712 is <u>not</u> an open and pending case. Nevertheless, it has heretofore been treated as one.  I therefore recommend that the cases be **SEVERED** for purposes of entry of judgment so as to clarify that <u>all</u> of Phillips's claims are being addressed in C. A. No. 12-2711; and that it is <u>not</u> necessary for him to pay a filing fee in C. A. No. 12-2712, which should be dismissed without prejudice to avoid further confusion and duplication.  The court will henceforth address the substance of Phillips's claims in C. A. No. 12-2711 only, noting that the claims raised by Phillips are the same as those presented in the closed C. A. No. 12-2712.

IV.   <u>EXHAUSTION OF  STATE REQUIRED REMEDIES</u>

The State has cursorily asserted that Phillips has not presented his ex post facto claim to any state court. I hereby provide Phillips with clear notice that the court is considering the exhaustion defense raised by the State, albeit without detail. Accordingly, **<u>petitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is addressing the issue of failure to exhaust state court remedies and that petitioner must submit any evidence or argument concerning exhaustion as part of any objections he may file to this report</u>**.

---

[21]C. A. No. 12-2711, Rec. Doc. Nos. 11, 16.

Accord Kurtzemann v. Quarterman, 306 F. App'x 205, 206 (5th Cir. 2009) (district court may sua sponte raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given) (citing Day v. McDonough, 547 U.S. 198, 209-10 (2006) (addressing limitations) and Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998) (addressing exhaustion)).

Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner.  Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Edge v. Stalder, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 508 (E.D. La. 1988); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. at 489-92. The exhaustion doctrine is applied to Section 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and resolve initially any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process.  Dickerson, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally

15

proper manner.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  In Section 2241 cases, this exhaustion requirement is obviated only if "special circumstances" exist.  Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489); Tooten v. Shevin, 493 F.2d 173, 177 (5th Cir. 1975).

To exhaust his claims in the state courts, Phillips must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and have given the state courts an opportunity to address those claims.  Louisiana law requires that an appropriate post-conviction claim must be brought in an application for post-conviction relief filed in the state district court.  La. Code Crim. P. arts. 925 and 930.3.  The petitioner may then seek supervisory review in the appellate court, La. Code Crim. P. art. 930.6, and discretionary review in the Louisiana Supreme Court, La. S. Ct. Rule X§5.

I have reviewed Phillips's numerous state applications for post-conviction relief and the related writ applications seeking review in the Louisiana Supreme Court.  I see no submission in which Phillips has presented his ex post facto claim to any Louisiana state court. He therefore has neither pursued nor exhausted available state court remedies on the ex post facto issue raised in his current federal petition.

In addition, the record does not reflect, and Phillips has not alleged, that he has exhausted administrative review of this claim under the state's Corrections

16

Administrative Remedy Procedure ("CARP"), La. Rev. Stat. § 15:1171 et seq., and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15.[22]  Under Louisiana's CARP procedures, an inmate must utilize the administrative procedure established by the DOC, or any facility in which he his housed, to resolve any claims related to his confinement, including "time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes." La. Rev. Stat. § 15:1171(B).  Upon completion of the administrative process, an inmate may seek judicial review by filing suit in the appropriate state district court. La. Rev. Stat. § 15:1177.  The provisions of La. Rev. Stat. § 15:571.15 requires that any such suit against the DOC challenging the computation of an inmate's "sentence or sentences, discharge, . . . or any action concerning parole" must first be brought in the 19th Judicial District Court in East Baton Rouge Parish.

The state court records before this court do not indicate that Phillips has filed an action with the 19th Judicial District or that he has proceeded from that court to the Louisiana First Circuit or the Louisiana Supreme Court.[23]  Phillips did not complete the administrative review required by state law and has failed to exhaust those remedies.

---

[22]See Madison v. Ward, 825 So.2d 1245 (La. App. 1st Cir. 2002).

[23]See Rec. Doc. No . 8-1.

17

For these reasons, Phillips's Section 2241 petition in C. A. No. 12-2711 should be dismissed without prejudice for failure to exhaust after being severed from C. A. No. 12-2712, which should be dismissed without prejudice as duplicative of C. A. No. 12-2711 and for failure to pay the filing fee.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the consolidated petitions of Thomas Louis Phillips for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 be **SEVERED** for purposes of entry of judgment.

It is further **RECOMMENDED** that Phillips's habeas petition in C. A. No. 12-1211 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state required remedies.

It is further **RECOMMENDED** that because the claims asserted in C. A. No. 12-2712 are the same as those in C. A. No. 12-2711, and because no filing fee has ever been paid in C. A. No. 12-2712, C. A. No. 12-2712 should be **DISMISSED WITHOUT PREJUDICE**, so that Phillips's claims may hereafter be addressed solely under C. A. No. 12-2711.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

18

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[24]

New Orleans, Louisiana, this ___6th___ day of August, 2013.

_____

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[24]Douglass referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.